UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRI IC VE DIS TICARET SANAYI LIMITED SIRKETI,<br><br>Petitioner,<br><br>v.<br><br>AGRIDIENT, INC.,<br><br>Respondent. | Case No. 25-12174<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PETITIONER'S MOTION TO DETERMINE SUFFICIENCY OF RESPONDENT'S RESPONSES TO REQUESTS FOR ADMISSION AND AWARDING RESPONDENT EXPENSES UNDER FED. R. CIV. P. 37(A)(5)(B) (ECF NO. 17)**

Petitioner Tri Ic Ve Dis Ticaret Sanayi Limited Sirketi filed this action seeking to confirm an arbitration award against Respondent Agridient, Inc. The Honorable F. Kay Behm referred the matter to the undersigned for all discovery matters under 28 U.S.C. § 636(b).  ECF No. 11.

Petitioner moved to determine the sufficiency of respondent's responses to its requests for admission under Federal Rule of Civil

1

Procedure 36, and the Court held a hearing on March 25, 2026.  ECF No. 17.  The Court **DENIES** the motion for the reasons stated on the record.

The Court also reminds counsel of its limited role in resolving disputes identified by the parties.  Petitioner highlighted responses to only five requests for admissions, but asked the Court to determine the sufficiency of the responses to all 37 of its requests.  Presumably, counsel for petitioner expected the Court to use the hearing to review each request and response one-by-one, hear arguments on each, and declare whether each response was sufficient.  That type of micromanagement is not the function of this Court.  *KCI USA, Inc. v. Healthcare Essentials, Inc.*, No. 1:14 CV 549, 2015 WL 13839455, at *2 (N.D. Ohio May 1, 2015) ("Both parties and their respective counsel have repeatedly invited me to inappropriately micromanage the discovery in this case by scrutinizing, critiquing, and dictating the content of individual discovery requests and the responses thereto.").

The Court also finds that petitioner was not substantially justified in filing its motion.  After two status conferences and the parties' meet and confer, they had resolved the issues *before* petitioner filed its motion.  And counsel for petitioner failed to specify any insufficiencies in respondent's responses to the requests for admissions in its briefing or during the

2

hearing. As such, petitioner must reimburse respondent for "its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). By **March 27, 2026,** respondent must submit its bill of costs.

The Court warns respondent to not submit an exorbitant bill of costs. Interpreting case law instructs that only the expenses incurred in preparing and litigating the motion are reimbursable. *Ross v. Am. Red Cross*, No. 2:09-CV-00905, 2012 WL 1884457, at *2 (S.D. Ohio May 22, 2012) (disallowing reimbursement for time spent reviewing discovery responses, and indicating that only time spent drafting motion to compel was reimbursable); *see also Castro v. Los Camperos, Inc.*, No. 2:13-CV-1186, 2014 WL 4626292, at *2-4 (S.D. Ohio Sept. 15, 2014) (same); *McMillan v. Dep't of Corr.*, No. 5:13-CV-292-WS-GRJ, 2014 WL 12639343, at *8 (N.D. Fla. Apr. 28, 2014) (ordering defendant to pay the reasonable attorney fees and expenses incurred "in connection with the preparation and filing" of motions to compel). Thus, the Court will reject respondent's bill of costs if it is exorbitant or if it requests reimbursement for attorney's fees and costs beyond those allowed under Rule 37(a)(5)(B). *See Thomas v. Bannum Place of Saginaw*, 421 F. Supp. 3d 494, 487 (E.D. Mich. 2019) ("Where a fee-shifting statute provides a court discretion to award attorney's fees,

3

such discretion includes the ability to deny a fee request altogether when, under the circumstances, the amount requested is outrageously excessive.") (cleaned up).

Petitioner may respond to the bill of costs by **April 3, 2026**, and respondent may reply by **April 10, 2026**.  And if the parties can agree upon the amount of the award, they may submit a stipulation and order to resolve this issue.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 26, 2026

**NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

4

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge.**"  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager