UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRI IC VE DIS TICARET SANAYI LIMITED SIRKETI,<br><br>Petitioner,<br><br>v.<br><br>AGRIDIENT, INC.,<br><br>Respondent. | Case No. 25-12174<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER REJECTING RESPONDENT'S BILL OF COSTS AND
DENYING ITS REQUESTS FOR ATTORNEY'S FEES
(ECF NO. 24)**

Petitioner Tri Ic Ve Dis Ticaret Sanayi Limited Sirketi filed this action

seeking to confirm an arbitration award against Respondent Agridient, Inc.

The Honorable F. Kay Behm referred the matter to the undersigned for all

discovery matters under 28 U.S.C. § 636(b).  ECF No. 11.

Petitioner moved to determine the sufficiency of respondent's

responses to its requests for admission under Federal Rule of Civil

Procedure 36.  ECF No. 17.  During the March 25, 2026 motion hearing,

the Court denied the motion and said that it would award respondent

reasonable expenses under Federal Rule of Civil Procedure 37(a)(5)(B).

.

But the Court warned counsel for respondent that it would decline to award

attorney's fees if the bill of costs was excessive, meaning that respondent

should not bill for phone calls, conferences, or the like.  The written order

echoed those warnings:

> The Court warns respondent to not submit an exorbitant bill of costs.  Interpreting case law instructs that only the expenses incurred in preparing and litigating the motion are reimbursable.  *Ross v. Am. Red Cross,* No. 2:09-CV-00905, 2012 WL 1884457, at *2 (S.D. Ohio May 22, 2012) (disallowing reimbursement for time spent reviewing discovery responses, and indicating that only time spent drafting motion to compel was reimbursable); *see also Castro v. Los Camperos, Inc.*, No. 2:13-CV-1186, 2014 WL 4626292, at *2-4 (S.D. Ohio Sept. 15, 2014) (same); *McMillan v. Dep't of Corr.*, No. 5:13-CV-292-WS-GRJ, 2014 WL 12639343, at *8 (N.D. Fla. Apr. 28, 2014) (ordering defendant to pay the reasonable attorney fees and expenses incurred "in connection with the preparation and filing" of motions to compel).  Thus, the Court will reject respondent's bill of costs if it is exorbitant or if it requests reimbursement for attorney's fees and costs beyond those allowed under Rule 37(a)(5)(B).  *See Thomas v. Bannum Place of Saginaw*, 421 F. Supp. 3d 494, 487 (E.D. Mich. 2019) ("Where a fee-shifting statute provides a court discretion to award attorney's fees, such discretion includes the ability to deny a fee request altogether when, under the circumstances, the amount requested is outrageously excessive.") (cleaned up).

ECF No. 23, PageID.429-430.

Respondent submitted a bill of costs requesting costs totaling

$11,450.00.  ECF No. 24.  Despite this Court's verbal and written warnings,

the bill of costs includes conferences, the review and analysis of

2

documents and emails, and strategizing—events that are not reimbursable under Rule 37(a)(5)(B) and the authority cited in the order.  ECF No. 24-1, PageID.439-440.  And the bill includes time spent by two high-billing partners on those non-reimbursable events.

The Federal Rules of Civil Procedure should be construed "to secure the just, speedy, *and inexpensive* determination of every action and proceeding."  Fed. R. Civ. P. 1 (emphasis added).  "This rule is not to be ignored in considering the good faith, or lack thereof, in a fee request." *Thomas*, 421 F. Supp. 3d at 497.  Thus, true to its word, the Court exercises its discretion and declines to award respondent any fees under Rule 37(a)(5)(B).

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 29, 2026

3

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

4