UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRI IC VE DIS TICARET SANAYI LIMITED SIRKETI,

Petitioner,

v.

AGRIDIENT, INC.,

Respondent.
_____________________________/

Case No. 4:25-cv-12174

F. Kay Behm
United States District Judge

**ORDER OVERRULING RESPONDENT'S OBJECTION TO THE MAGISTRATE JUDGE'S APRIL 29, 2026 ORDER (ECF No. 28)**

## I. PROCEDURAL HISTORY

Petitioner Tri Ic Ve Dis Ticaret Sanayi Limited Sirketi filed this action on July 17, 2025, seeking to confirm and enforce a foreign arbitration award against Respondent Agridient, Inc. (ECF No. 1). The Court referred discovery matters to Magistrate Judge Elizabeth A. Stafford. (ECF No. 11). On February 25, 2026, Petitioner filed a motion to determine the sufficiency of Respondent's responses to requests for admission pursuant to Fed. R. Civ. P. 36(A)(6). (ECF No. 17). After a hearing on the motion, Magistrate Judge Stafford denied the motion and ordered Petitioner to pay the costs and fees

incurred in opposing the motion under Fed. R. Civ. P. 37(a)(5)(B). (ECF No. 23). Respondent was ordered to submit a bill of costs and was specifically warned that "the Court will reject respondent's bill of costs if it is exorbitant or if it requests reimbursement for attorney's fees and costs beyond those allowed under Rule 37(a)(5)(B)." (*Id.*, PageID.429).

Respondent submitted a bill of costs on March 27, 2026, and a revised bill of costs in a reply to Petitioner's response to its original bill. (ECF Nos. 24, 26). The original bill of costs requested a total of $11,450 and the revised bill requested $10,650. (ECF Nos. 24-2, 26-1). On April 29, 2026, Magistrate Judge Stafford issued an order rejecting Respondent's bill of costs and denying its request for attorney's fees on finding that "[d]espite this Court's verbal and written warnings, the bill of costs includes conferences, the review and analysis of documents and emails, and strategizing—events that are not reimbursable under Rule 37(a)(5)(B) and the authority cited in the order." (ECF No. 27, PageID.493-494). She then declined to award Respondent any fees. (*Id.*, PageID.494).

On May 13, 2026, Respondent filed an objection to Magistrate Judge Stafford's April 29, 2026 Order, which is now before the Court. (ECF No. 28).

Petitioner filed a response to that objection. (ECF No. 31). For the reasons set forth below, Respondent's objection is **OVERRULED**.

## II. LEGAL STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream*

*Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

## III. ANALYSIS

Respondent objects to Magistrate Judge Stafford's order, arguing that it was contrary to law because it was rejected in its entirety based on out-of-scope entries, but all entries were recoverable under Fed. R. Civ. P. 37(a)(5)(B). (ECF No. 28, PageID.501). Alternatively, Respondent argues that the proper course of action would have been to deduct any impermissible entries rather than rejecting the bill of costs wholesale. (*Id.*, PageID.505). Petitioner responds that the magistrate judge's order cannot be overturned because it is unsettled whether these expenses are reimbursable, and in any event, the amount requested was excessive. (ECF No. 31, PageID.759-760).

Under Fed. R. Civ. P. 37(a)(5)(B), where a motion to compel is denied, the Court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Magistrate Judge Stafford, on denying Petitioner's motion to compel, found that Petitioner was required to reimburse Respondent for its *reasonable* attorney's fees, but specifically warned Respondent that only expenses incurred in preparing and litigating the motion would be reimbursable. (ECF No. 27). Respondent then submitted a bill of costs which included a conference with the client and conferences between the attorneys regarding the motion, including one to strategize for the hearing, as well as an entry that included time spent reviewing an email. *See* ECF No. 24-1. Magistrate Judge Stafford found that these entries were not reimbursable, which was within her discretion in determining what constituted appropriate and reasonable expenses incurred in opposing the motion. Further, although Respondent argues that these expenses were in fact reimbursable based on non-binding case law, it provides no binding case law to indicate that an alternate finding is *contrary to law*, as required for this Court to overturn the decision of a magistrate judge on a non-dispositive issue. Therefore, Respondent's objection on this basis is overruled.

Respondent also argues that the appropriate course of action would have been to identify and deduct any improper entries. (ECF No. 28, PageID.505). However, the entirety of Respondent's argument on this point is

that this course of action was taken by the court in *Yurek v. Parkway Chrysler-Jeep, Inc.,* No. 2:17-CV-13524, 2018 WL 11488850, at *2 (E.D. Mich. July 9, 2018). That one court took a different route falls far short of establishing that the magistrate judge here issued a ruling that was contrary to law. Because such a perfunctory argument fails to establish that the ruling was erroneous, the objections are overruled. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.").

## IV. CONCLUSION

For the reasons set forth above, Respondent's objection (ECF No. 28) to the Magistrate Judge's April 29, 2026 Order is **OVERRULED**.

**SO ORDERED.**

Date: October 20, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge